IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CIVIL DIVISION
IN ADMIRALTY

PORT OF MIAMI RIVER
TERMINAL, LLC, a Florida
corporation,

CASE NO:

      Plaintiffs,

vs.

M/V MARATON, a Togo Flagged
Cargo Vessel, BEYOND GROUP, LLC,
and ALL CARIBBEAN CARGO
SHIPPING, LLC,

      Defendants.
_____/

**VERIFIED COMPLAINT**

PORT OF MIAMI RIVER TERMINAL LLC sues M/V Maraton, *in rem*, and BEYOND GROUP LLC, AND ALL CARIBBEAN CARGO SHIPPING LLC and states:

1. This is a case within this Court's Admiralty and Maritime Jurisdiction and Supplemental jurisdiction as hereinafter more fully appears, and is an Admiralty or Maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

2. This honorable Court has original jurisdiction over this matter pursuant to The United States Constitution, Article III §2, 28 U.S.C.§ 1333 (admiralty jurisdiction), 46 U.S.C. § 31342 and Rule C of the Supplemental Rules for Admiralty and Maritime Claims, and the general maritime law for provision of necessaries to a vessel.

3. Venue is proper in this District as the Defendant *in rem* vessel MARATON is located in the Southern District of Florida in Miami, Florida on the navigable waters of the Miami River, and

the provision of necessaries and breach of contracts occurred in this District where the parties regularly conduct business in this District.

## THE PARTIES

4. The MARATON, her engines, tackle, boats, appurtenances etc., is now in this District docked at a terminal on the Miami River and during the pendency of this action will be within this District.

5. Plaintiff has performed all conditions precedent prior to filing this action.

6. The MARATON (hereinafter "the vessel") is a 258 foot commercial vessel built in 1976 and believed to be of Togo flag.

7. Defendants BEYOND GROUP, LLC and ALL CARIBBEAN SHIPPING, LLC (d/b/a ALL CARIBBEAN CARGO SHIPPING, LLC) through their principal, Ducarmel Labaze, have represented themselves to be charterers as well as owner of the vessel, exercising operational control over the vessel. On information and belief those corporations are incorporated in Florida, and have been doing business here by operating of the vessel, shipping cargo in return for freight to foreign ports, the employment of agents here in Florida, as well as the purchase of goods and services to operate the vessel.

8. Plaintiff Port of Miami River Terminal, LLC, is a Florida for-profit limited liability company with a principal place of business in Miami Dade County, Florida and is the provider of necessaries for the vessel.

## COUNT I: BREACH OF MARITIME CONTRACT FOR MARITIME NECESSARIES

Plaintiff realleges and reaffirms paragraphs 1-8 above and further alleges:

9. This is an action for breach of contract for dockage, wharfage and operating space provided to the vessel on the Miami River in Miami.

10. Defendants in personam agreed to pay monthly dockage and storage for the vessel in the amount of $19,000 per month in advance and to pay not later than the sixth of each month.

11. Plaintiff provided a wet berth for the vessel and on site storage space for the vessel's appurtenances and/or cargo in exchange for payment of $19,000/month.

12. The vessel is a cargo-carrying vessel and loads cargo from the storage area in the terminal onto the vessel and then leaves the dock to deliver the cargo. The defendants earn freight for the carriage of cargo.

13. The agreement between the parties was that the monthly rental charge of $19,000 for wharfage dockage and storage entitled the defendants to dock the vessel and use the space for the vessel and its appurtenances and cargo whether they actually used it or not.

14. Plaintiff is owed payments for the months of November and December 2015, January, 2016 and furnished invoices to defendants. See invoices A, B, & C, hereto.

15. Currently the plaintiff owed $56,000.00 for benefits provided to the vessel plus legal interest, and makes demand and judgment for that unpaid amount, legal interest and costs.

## COUNT II: MARITIME LIEN FOR NECESSARIES

Plaintiff realleges ¶1-8 as is fully set forth herein.

16. The dockage, wharfage and space afforded to the vessel are necessaries furnished to the vessel. Plaintiff claims a maritime lien on the vessel in rem for the necessaries pursuant to maritime law, 46 USC §31342. Pursuant to maritime law demand is made on the vessel MARATON *in rem*.

17. The vessel still has cargo in the terminal and is taking advantage of the dockage rights and storage space despite the fact the owners were requested to remove their property. Despite

requests it has not cleared the terminal of this cargo, nor paid plaintiff for doing so for the month of January 2016. As a result of nonpayment, Plaintiff has been damaged in the amount of $56,000 in principal plus legal interest.

18.     Custodial costs, costs, expenses, and disbursements have been, and will be incurred in the prosecution of this action and will be due and owing from the defendant in accordance with the dockage contract and maritime law.

WHEREFORE, the plaintiff prays that process for the arrest of the M/V vessel MARATON her engines, tackle, boats, appurtenances etc., in due form of law, according to the practices of this Honorable Court in causes of Admiralty and Maritime jurisprudence, may issue against the Vessel, her hull, her main engines, appurtenances, main engines fuel, and apparel, etc., and that all persons having or claiming any interest therein be cited to appear and answer, under oath, all and singular the matters aforesaid; that plaintiff have a decree for its damages aforesaid, with interest attorneys' fees, agreed interest, custodial fees and costs; and that the MARATON, her engines, tackle, boats, appurtenances etc. be placed in the plaintiffs possession; that process in due form of law may issue enjoining the defendants from attempting to sell or dispose of the MARATON, her engines, tackle, boats, appurtenances etc;
that the vessel her engines, tackle, boats, appurtenances etc. and other vessels owned by Owner, located within this district, if any be attached to the amount sued for herein, and condemned and sold to pay Plaintiff's lien claim; and that defendant, MARATON her engines, tackle boats, appurtenances etc. be adjudged liable to plaintiff in the aforesaid sums plus pre-judgment and post-judgment interest and costs of litigation, and custodial fees and costs, and that the plaintiff may have such other and further relief as the cause may require.

Respectfully submitted this 19th day of January, 2016.

                        **McALPIN CONROY, P.A.**
                        *Attorneys for Plaintiff*

                        Brickell City Tower
                        80 S.W. 8th Street, Suite 2805
                        Miami, FL 33130
                        Telephone: (305) 810-5400
                        Facsimile: (305) 810-5401

                        By:*/s/ Michael E. Conroy*
                        MICHAEL E. CONROY
                        Florida Bar No. 845434
                        MConroy@McAlpinConroy.com

                        ADRIA G. NOTARI, ESQ.
                        Florida Bar No. 87272
                        ANotari@McAlpinConroy.com

## VERIFICATION & DECLARATION UNDER OATH

STATE OF FLORIDA

COUNTY OF MIAMI DADE

The undersigned swears and affirms under the pains and penalties of perjury pursuant to Florida and Federal Law that he has read the foregoing Verified Complaint filed in this case and is familiar with its contents, which are true to the best of his knowledge, information, and belief. The sources of his information and grounds for his belief are documents attached as exhibits, records of the plaintiff, and correspondences and conversations with the plaintiff concerning the circumstances and facts set forth in the Verified Complaint the undersigned states that he is authorized to make this representation on behalf of the plaintiff, PORT OF MIAMI RIVER TERMINAL, LLC, a Florida limited liability company.

_____
Bruno Ramos, Port of Miami River Terminal, LLC

# Invoice



**The Port of Miami River Terminal**

3001 NW South River Drive
Miami, FL 33142

| Date | Invoice # |
|---|---|
| 11/1/2015 | 2015-1809 |

**Bill To**

Beyond Group LLC / All Caribbean
Cargo Shipping LLC
9801 Sun Mountain Trl S
Alburquerque, NM 87121
Atten: Ducarmel Labaze

| Terms |
|---|
| 1st of month |

| Quantity | Item Code | Description | Price Each | Amount |
|---|---|---|---|---|
| | Dockage Fees | Rent For November 2015<br><br>November Rent Due On November 1, 2015<br><br>Vessel Name: Maraton<br>IMO: 7529330 | 19,000.00 | 19,000.00 |

**PAST DUE**

Payments/Credits $-1,000.00

**Balance Due** $18,000.00

# Invoice



**The Port of Miami River Terminal**

3001 NW South River Drive
Miami, FL 33142

| Date | Invoice # |
|---|---|
| 1/1/2016 | 2015-1813 |

**Bill To**

Beyond Group LLC / All Caribbean
Cargo Shipping LLC
9801 Sun Mountain Trl S
Alburquerque, NM 87121
Atten: Ducarmel Labaze

| Terms |
|---|
| 1st of month |

| Quantity | Item Code | Description | Price Each | Amount |
|---|---|---|---|---|
| | Dockage Fees | Rent For January 2016<br><br>January Rent Due On January 1,2016<br><br>Vessel Name: Maraton<br>IMO: 7529330 | 19,000.00 | 19,000.00 |

**PAST DUE**

| | |
|---|---|
| Payments/Credits | $0.00 |
| **Balance Due** | **$19,000.00** |

# Invoice



**The Port of Miami River Terminal**

3001 NW South River Drive
Miami, FL 33142

| Date | Invoice # |
|---|---|
| 12/1/2015 | 2015-1810 |

**Bill To**

Beyond Group LLC / All Caribbean
Cargo Shipping LLC
9801 Sun Mountain Trl S
Alburquerque, NM 87121
Atten: Ducarmel Labaze

| Terms |
|---|
| 1st of month |

| Quantity | Item Code | Description | Price Each | Amount |
|---|---|---|---|---|
| | Dockage Fees | Rent For December 2015 | 19,000.00 | 19,000.00 |
| | | December Rent Due On December 1, 2015 | | |
| | | Vessel Name: Maraton | | |
| | | IMO: 7529330 | | |

**PAST DUE**

| | |
|---|---|
| Payments/Credits | $0.00 |
| **Balance Due** | **$19,000.00** |